UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNETH BYRNE,                                       :
                                                     :
                                    Plaintiff,       :
                                                     :     03 Civ. 1999 (HB)
               -against-                             :
                                                     :     <u>OPINION & ORDER</u>
BUYTHISFAST NETWORK, INC., et. al.,                  :
                                                     :
                                    Defendants.      :
------------------------------------------------------------------------X
**Hon. Harold Baer, Jr., District Judge[*]:**

On May 25, 2004, Plaintiff, Kenneth Byrne ("Byrne"), withdrew all claims against Defendant, Richard Lusk ("Lusk"), in which he alleged securities fraud, unpaid wages, and common law fraud. (Dckt. 12.) Pursuant to Fed. R. Civ. P. 11 and 15 U.S.C. § 78u-4, Lusk filed the instant motion for sanctions and alleged that the lawsuit was frivolous and filed for the improper purpose of intimidation and harassment. The motion was sub judice on February 15, 2005. For the reasons set forth below, Lusk's motion is GRANTED in-part and DENIED in-part.

## I. BACKGROUND

**A. Factual History**

On December 17, 1999, Defendants Lusk and David Chester ("Chester") formed "BuyThisFast Network, Inc." ("Company"), to develop distribution channels for major Internet merchants. (Hunter Aff., Att'y for Def. ("Hunter"), Ex. I at 5). The Company's first project was an "Online Convenience Store$^{TM}$," but implementation of the project was dependent upon the licensed use of certain proprietary software. Id.

On or about April 5, 2000, Lusk and Chester hired Byrne as the Company's Chief Operational Officer and Chief Technical Officer, with an annual salary of $175,000. (Compl. at ¶ 12; Def's Mem. Supp. Summ. J. at 3-4). Byrne's employment with the Company ended no later than October 2000. (Hunter Aff. Ex. G, Resume of Byrnes). By early-May 2000, Byrne had invested $90,000 of his personal funds in the Company. (Dep. of Byrne at 103:5-7).

Approximately three months after he invested $90,000 of his personal funds in the

---
[*] Robert Zak, a spring 2005 intern in my Chambers, and currently a third-year law student at Fordham University School of Law, provided substantial assistance in the research and drafting of this Opinion.

1

Company, Lusk informed Byrne that the Company "would not be securing the [necessary] 'proprietary technology' or 'patent-pending business models'" and, as a result, the Company was unable to commence operations and Byrne lost the value of his investment. (Compl. at ¶¶ 17-18.)

## B. Procedural History

On March 21, 2003, approximately thirty-one months after he discovered the alleged fraud, Byrne filed the instant action, and sought damages for alleged: (1) violation of §§ 10(b), 20, and Rule 10b-5 of the Securities Exchange Act of 1934; (2) violation of 15 U.S.C. § 77l; (3) common law fraud; and (4) unpaid wages. (Compl. at ¶¶ 19-25.) In the Complaint, Byrne alleged that his decision to invest in the Company was based on Lusk's materially false and misleading oral representations. (Compl. at ¶ 14.)

On June 5, 2003, Lusk filed an Answer in which he denied any liability and invoked the statute of limitations as an affirmative defense. (Dckt. 4.) Throughout the duration of discovery, Byrne never sought to depose Lusk, and indeed, made no discovery demands. Lusk filed a motion for summary judgment on April 2, 2004 and maintained, among other things, that Byrne's securities fraud claims were barred by the applicable statute of limitations. (Def's Mem. Supp. Summ. J. at 20). Subsequently, on May 25, 2004, Byrne withdrew all claims against Lusk. (Dckt. 12.) Lusk now moves for sanctions in an amount equal to the attorney's fees and costs incurred to defend the allegedly frivolous lawsuit.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), an attorney or party may be sanctioned if a pleading is presented "for any improper purpose, such as to harass [another party] . . .," or where the claims are not "warranted by existing law or by a [non-frivolous] argument for the extension, modification, or reversal of existing law or the establishment of new law. . . ." Fed. R. Civ. P. 11(b)-(c).

The PSLRA altered the Rule 11 landscape in that a district court is now required, upon final adjudication of any private action for securities fraud, to make "specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b). . . . " 15 U.S.C. § 78u-4(c)(1); see e.g., Rombach v. Chang, 355 F.3d 164, 178 (2d Cir. 2004). In accordance with the PSLRA, if the court finds that a violation has occurred, the imposition of sanctions is mandatory. 15 U.S.C. § 78u-4(c)(2). The PSLRA removed the

2

judicial discretion of Rule 11 ( "the court may . . . impose sanctions") in favor of a rebuttal presumption:

> [C]ourts shall adopt a presumption that the appropriate sanction . . . for substantial failure of any complaint to comply with any requirement of Rule 11 . . . is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.

15 U.S.C. § 78u-4(c)(3)(A)(ii) (emphasis added). There are two ways to rebut the presumption:

> [1] [U]pon proof by the party or attorney against whom sanctions are to be imposed that . . . [such an award] will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to impose such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or [2] the violation of Rule 11 . . . was de minimis.

15 U.S.C. § 78u-4(c)(3)(B). The PSLRA's stricter sanctions procedure was designed to reduce the economic incentive to bring abusive claims of securities fraud. Gurary v. Nu-Tech Biomed, Inc., 303 F.3d 212, 219-20 (2d Cir. 2002).

In Gurary, the Second Circuit articulated a three-step sanction inquiry for district courts to follow in situations where a plaintiff, like Byrne, has brought multiple claims. See Gurary, 303 F.3d at 223. First, the court must determine whether frivolous claims have been brought. Id. Second, if such claims have been brought, the court shall determine whether non-frivolous claims have also been joined. Id. Third, the sanctions presumption may be rebutted if the court determines that the violation was either de minimis or the party in violation can show that full sanctions would constitute an unreasonable burden. Id.

### III.   DISCUSSION

**A.   Frivolous Securities Fraud Claims**

Lusk argues Byrne's securities fraud claims were clearly barred by the applicable statute of limitations, and therefore, the lawsuit was frivolous. (Dckt. 13.)

To bring a clearly time-barred complaint is a violation of Rule 11. See Norris v. Grosvenor Marketing Ltd., 803 F.2d 1281, 1288 (2d Cir. 1986); De La Fuente v. DCI Telecom. Inc., 259 F. Supp. 2d 250, 263 (S.D.N.Y. 2003). In Norris, although the plaintiffs had prevailed in an earlier arbitration proceeding, they pursued identical claims against the defendants in district court after the statute of limitations had expired, and the Second Circuit concluded Rule 11 was violated. 803 F.2d at 1287.

An attorney has a responsibility to make a reasonable inquiry into the relevant law to determine whether or not a cause of action is warranted. See De La Fuente, 259 F. Supp. 2d at

3

274. For example, in Solloway v. Ellenbogen, 121 F.R.D. 29, 30 (S.D.N.Y. 1988), sanctions were awarded because the complaint alleged diversity jurisdiction, when in fact, both plaintiffs and defendants were citizens of New York. The Court held that "[t]he utter frivolity of plaintiffs' filing, which on its face demonstrates the absence of jurisdiction, is incapable of being explained in a way that would satisfy Rule 11's requirement of reasonable inquiry." Id. at 31 (internal citation omitted).

Here, Byrne made two separate securities fraud claims against Lusk that were both clearly time-barred, and, as in Norris, frivolous. The statute of limitations that governs Byrne's first claim, pursuant to §§ 10(b), 20(a) and rule 10b-5 of the Securities Exchange Act of 1934, is set forth in 28 U.S.C. § 1658, and provides:

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of . . . the securities laws . . . may be brought not later than the earlier of – (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation.

18 U.S.C. § 1658 (2005) (emphasis added). The statute of limitations that governs Byrne's second claim – that Lusk used the means and instrumentalities of interstate commerce in furtherance of securities fraud – is set forth in 15 U.S.C. § 77m, and provides:

> No action shall be maintained to enforce any liability created under . . . § 77l(a)(2) unless brought within one year after the discovery of the untrue statement. . . .

15 U.S.C. § 77m (2005).

According to the Complaint, Byrne discovered the alleged fraud on August 10, 2000. (Compl. at ¶18.) Therefore, any claim under the securities laws must have been brought no later than August 10, 2002. Byrne filed his complaint on March 21, 2003 –7 months too late. Moreover, Byrne's failed to set forth any argument claiming that the statute of limitations may have been tolled after August 10, 2000. Indeed, both Lusk and Chester explicitly raised the statute of limitations issue as an affirmative defense in their Answers. Lusk's attorney also maintains that he repeatedly discussed the time-barred aspect of the case with Byrne's attorney – a contention that Byrne's attorney did not dispute, though he had the opportunity to do so. (Mem. Supp. Def's Mot. Sanct. at 18). Byrne pursued the matter for more than a year and forced Lusk to incur the legal expenses necessary to defend the lawsuit through discovery (conducted only by the Defendants) and summary judgment.

**B.    Non-Frivolous Claims**

Since Byrne's securities fraud claims were violative of Rule 11, the PSLRA requires the Court to make an inquiry as to whether the PSLRA's presumption of full attorneys' fees and expenses is applicable.  See e.g., Gurary, 303 F.3d at 223.

**1.    *Unpaid Wages Claim***

There is insufficient information in the record to indicate that Byrne's unpaid wages claim was frivolous.  Under New York law, there is a six year statute of limitations for employee claims of unpaid wages and, therefore, the claim was timely.  N.Y. Lab. Law § 198.3 (McKinney Supp. 1999).  However, Byrne claimed to have $37,000 in unpaid wages – a small fraction of the $1,000,000 the Plaintiff's sought in damages.  Therefore, Byrne's unpaid wages claim, though not sanctionable, is too insignificant to save the Complaint from being viewed as an abusive securities lawsuit.

**2.    *Common Law Fraud Claim***

Byrne's common law fraud claim was also brought within the relevant six-year statute of limitations.  See N.Y. C.P.L.R. § 213 (2005).  Application of Rule 11 requires the court to determine whether the attorney's conduct was reasonable at the time the complaint was signed. See Rotter v. Leahy, 93 F. Supp. 2d 487, 502 (S.D.N.Y. 2000).  Under New York law, a claim for common law fraud requires the plaintiff to demonstrate that the defendant:  (1) made a false representation of a material fact; (2) with scienter; (3) upon which the plaintiff justifiably relied; (4) that caused damage to the plaintiff.  See HealthExtras, Inc. v. SG Cowen Sec. Corp., No. 02 Civ. 9613, 2004 WL 97699, at *3 (S.D.N.Y. Jan. 20, 2004).

Byrne sufficiently alleged that Lusk made false statements that caused him to suffer damages.  As to the scienter requirement, "whether [it] exists is generally a question of fact, so much so that the Second Circuit has been lenient in allowing scienter issues to withstand summary judgment based on fairly tenuous inferences."  Id. at *4.  In HealthExtras, the Court held that it was sufficient for the Complaint to allege that the defendants had intentionally committed acts of fraud against the plaintiff.  Id.  Likewise, Byrne's Complaint included the allegation that Lusk was aware that he made false and misleading statements to encourage Byrne's investment in the Company.  (Compl. at ¶¶ 14 – 15.)  Byrne's Complaint also included a sufficient allegation of reliance.  (Id. at ¶ 15.)  Therefore, at the time Byrne's attorney signed the Complaint, a colorable claim of fraud existed, and accordingly, Byrne's common law fraud claim

was not frivolous.

### 3. *Statutory Presumption Not Applicable*

Byrne's Complaint contains both frivolous and non-frivolous claims. In <u>Gurary</u>, the Second Circuit was faced with an almost identical situation – the plaintiff had made four claims; two of which were frivolous. 303 F.3d at 218. In its analysis, the Second Circuit stated:

> [F]rivolous claims [may be] joined with non-frivolous claims in a wide variety of ways, including the combination of frivolous claims with (1) valid, winning claims; (2) claims lost before a jury but which are meritorious enough to survive summary dismissal; (3) claims that, though properly dismissed at summary judgment because capable of resolution as a matter of law, presented novel legal issues that could well have gone in the plaintiff's favor; and (4) summarily dismissed claims that, while not legally frivolous, lack any merit.

<u>Id.</u> at 220-21. The Second Circuit further recognized that the PSLRA is unclear as to which of these situations create a <u>substantial</u> violation of Rule 11 and call into play the application of the statutory presumption. <u>Id.</u> at 221. In <u>Gurary</u>, there were two non-frivolous claims that fell into the fourth category, but did not save the plaintiff from the statutory presumption calling for full attorneys' fees, and costs to be imposed. <u>Id.</u> at 224. Two reasons were advanced by the plaintiff. First, the district court denied plaintiff's attempt to amend his complaint so as to make his claims colorable. On appeal, the Second Circuit held that if the district court afforded the plaintiff the opportunity to amend his complaint, cognizable claims <u>could have been asserted</u>. <u>Id.</u> Second, the claims were patently without merit. <u>Id.</u> at 224. As a result, the claims were not sufficient "to relieve the . . . complaint from being an unfounded action <u>as a whole</u>." <u>Id.</u> at 224 (emphasis added).

In contrast, here, Byrne's claim for common law fraud suffered from neither infirmity. Rather, it was adequately pled, and although admittedly weak, it was not "patently without merit." Accordingly, Byrne's common law fraud claim saves his Complaint from being considered an unfounded action as a <u>whole</u>. Therefore, the statutory presumption does not apply, and full compensation of Lusk's attorney's fees and costs is not required.

### C. **Applicable Sanctions**

Although Byrne's common law fraud claim is sufficient to prevent application of the statutory presumption in favor of an award of <u>full</u> attorney's fees and costs, <u>partial</u> sanctions shall be imposed for his frivolous securities fraud claims. The Second Circuit has held that where no "substantial" failure exists under the PSLRA, and the statutory presumption of <u>full</u>

6

sanctions does not apply, <u>partial</u> sanctions are still warranted to punish the party that brought the frivolous claims, regardless of the presence of a non-frivolous claim. <u>Gurary</u>, 303 F.3d at 220 at 222 ("The PSLRA require[s] . . . mandatory sanctions whenever any portion of a complaint violate[s] Rule 11."); <u>see</u> <u>also</u> <u>DeBartolo</u>, 186 F.3d at 177-78 (where appellants' Rule 10b-5 claim was non-frivolous, and the Rule 10b-13 claim was frivolous, "the district court was required by the PSLRA to impose <u>sanctions</u> with respect to [the latter] claim").

Where a plaintiff has joined frivolous claims together with non-frivolous claims, the PSLRA demands the imposition of sanctions in a manner that enables the defendant to recover the litigation expenditures associated with the frivolous claims <u>only</u>. See e.g., <u>Adams v. Buck-Luce</u>, No. 04 Civ. 1485, 2005 WL 822910, at *2 (S.D.N.Y. Apr. 8, 2005) (limiting sanctions to all the reasonable costs and attorney's fees associated with a single frivolous claim). The defendant is not entitled to recover attorney's fees and costs incurred to defend against any non-frivolous claims. <u>Id.</u>; <u>see</u> <u>also</u> <u>Gorman v. Coogan</u>, No. 03 Civ. 173, 2004 WL 2713095 (D. Me. Nov. 24, 2004). Here, Lusk is entitled to recover the reasonable attorney's fees and costs he incurred to defend against Byrne's frivolous securities fraud claims, but not against Byrne's non-frivolous common law fraud and past wages claims.

According to invoices provided by Lusk, his litigation expenditures through June 2004 totaled $55,109.73. (Hunter Aff. Ex. J). It would be inappropriate to award Lusk 50% of his expenditures in this suit simply because two out of four of Byrne's claims were frivolous. A significant portion of the defense Lusk mounted against Byrne's frivolous securities fraud claims was necessary to defend against Byrne's non-frivolous common law fraud claim. Lusk conceded this point in his memorandum of law in support of his motion for summary judgment, in which he noted that the arguments that demonstrate Byrne's failure to establish a prima facie case for securities fraud apply equally to the common law fraud claim. Where Lusk's defense to the common law fraud claim overlaps the securities fraud claims, the Court need not impose sanctions.

However, for the portion of Lusk's defense that related solely to the securities fraud claims, the Court is required to impose sanctions. <u>Gurary</u>, 303 F.3d at 220. Lusk's securities fraud defense focused primarily on four arguments. Only the fourth argument, statute of limitations, related to Byrne's frivolous securities fraud claims and is unique to those claims.

As such, I find that 25%, or $13,777.23, of Lusk's litigation expenses is the appropriate amount for sanctions in this matter.

## IV. CONCLUSION

For the reasons set forth above, Lusk's Rule 11 motion is hereby GRANTED in part. Sanctions in the amount of $13,777.23 are awarded against Byrne's counsel. The Clerk of Court is INSTRUCTED to close this motion and REMOVE this case from my docket.

**IT IS SO ORDERED.**
New York, New York.

May , 2005.

_____
U.S.D.J.